Jonathan Shub (SBN 237708)
Kevin Laukaitis*
**SHUB LAW FIRM LLC**
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
T: 856-772-7200
F: 856-210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

*Attorneys for Plaintiff and the Class*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAM DANG, individually and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| MCCORMICK & COMPANY, INC., | |
| Defendant. | |

CLASS ACTION COMPLAINT

## CLASS ACTION COMPLAINT

Plaintiff, Tam Dang ("**Plaintiff**"), on behalf of himself and all others similarly situated, brings this class action against Defendant, McCormick & Company, Inc. ("**Defendant**" or "**McCormick**"), and alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## INTRODUCTION

1.    This is a consumer class action brought individually by Plaintiff and on behalf of all persons in the below-defined proposed Classes, all of whom purchased one or more spices manufactured by Defendant.[1]

2.    Defendant is one of the premier manufacturers and distributors of spices and seasonings in the United States.

3.    For over 100 years, Defendant has offered a diverse range of spices and seasonings.

4.    Defendant touts itself as a company that cares for the quality of its products and the well-being of its customers: "We stand with our customers,

---

[1]   The purchased products include but are not limited to McCormick-branded: culinary ground basil, ground ginger, ground thyme, ground oregano, paprika, and ground turmeric (the "Spices."). Plaintiff reserves to right to amend the Complaint to revise the list of products subject to this Complaint.

CLASS ACTION COMPLAINT

innovating new products that make good food taste great while contributing to happier, healthier lives."[2]

5.      Unbeknown to Plaintiff and members of the proposed Classes, and contrary to the representations on the Spices' label, the Spices contain heavy metals, including arsenic, cadmium, and lead at levels above what is considered safe for children and adults, which, if disclosed to Plaintiff and members of the proposed Classes prior to purchase, would have caused Plaintiff and members of the proposed Classes not to purchase or consume the Spices.

6.      Tellingly, Defendant does not list heavy metals as an ingredient on the Spices' label nor does it warn of the potential presence of heavy metals in its Spices.

7.      As a result, the Spices' labeling is deceptive and misleading.

8.      Plaintiff and the members of the proposed Classes, as defined below, thus bring claims for consumer fraud and seek damages, injunctive and declaratory relief, interest, costs, and attorneys' fees.

---

[2] https://www.mccormickcorporation.com/en/company/culture-values (last accessed Jan. 21, 2022).

**CLASS ACTION COMPLAINT**

**THE PARTIES**

9.      Plaintiff is a resident and citizen of the State of California, residing in El Cerrito, California and is a member of the proposed Classes defined herein. He purchased various Spices at Safeway in California during the statutory period.

10.      Defendant McCormick & Company is a Maryland corporation, with its principal place of business at 24 Schilling Rd Suite 1, Hunt Valley, MD 21031. As such, Defendant is a resident and citizen of Maryland.

**JURISDICTION AND VENUE**

11.      This Court has personal jurisdiction over Plaintiff in this matter. The acts and omissions giving rise to this action occurred in the state of California. Defendant has been afforded due process because it has, at all times relevant to this matter, individually or through its agents, subsidiaries, officers and/or representatives, operated, conducted, engaged in and carried on a business venture in this state and/or maintained an office or agency in this state, and/or marketed, advertised, distributed and/or sold products, committed a statutory violation within this state related to the allegations made herein, and caused injuries to Plaintiff and putative Class Members, which arose out of the acts and omissions that occurred in the state of California, during the relevant time period, at which time Defendant were engaged in business activities in the state of California.

12.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C.§ 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more putative Class Members, (ii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different states. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

13.     Pursuant to 28 U.S.C. § 1391(a), venue is proper because a substantial part of the events giving rise to the claims asserted occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(c) because Defendant conducts substantial business in this District, has sufficient minimum contacts with this District, and otherwise purposely avails itself of the markets in this District, through the promotion, sale, and marketing of the Spices in this District. Venue is also proper because Plaintiff resides within this District.

## FACTS COMMON TO ALL CLASS MEMBERS

14.     Defendant manufactures, distributes, promotes, offers for sale, and sells the Spices, both in the past and currently. Defendant has advertised and continues to advertise the Spices through television commercials, print advertisements, point-of-sale displays, product packaging, Internet advertisements, and other promotional materials.

CLASS ACTION COMPLAINT

15.    An investigation by known consumer-advocacy group Consumer Reports revealed that Spices manufactured by Defendant contain "potentially dangerous heavy metals:"[3]

> "Roughly one-third of the tested products, 40 in total, had high enough levels of arsenic, lead, and cadmium combined, on average, to pose a health concern for children when regularly consumed in typical serving sizes. Most raised concern for adults, too."[4]

16.    Exposure to heavy metals causes permanent decreases in IQ, diminished future economic productivity, and increased risk of future criminal and antisocial behavior in children. Toxic heavy metals endanger infant neurological development and long-term brain function. Lead and arsenic are heavy metals known to cause a wide spectrum of adverse outcomes in pregnancy such as abortions, retarded growth at the intrauterine cavity, skeletal deformities, malformations, and retarded development especially of the nervous system.[5]

17.    Young children are particularly vulnerable to lead because the physical and behavioral effects of lead occur at lower exposure levels in children than in adults. A dose of lead that would have little effect on an adult can have a significant effect on a child. In children, low levels of exposure have been linked

---

[3] https://www.consumerreports.org/food-safety/your-herbs-and-spices-might-contain-arsenic-cadmium-and-lead/#tests (last accessed January 21, 2022)
[4] *Id.*
[5] *Id.*

CLASS ACTION COMPLAINT

to damage to the central and peripheral nervous system, learning disabilities, shorter stature, impaired hearing, and impaired formation and function of blood cells.[6]

18.     EPA has set the maximum contaminant level goal for lead in drinking water at zero because lead is a toxic metal that can be harmful to human health even at low exposure levels. Lead is persistent, and it can bioaccumulate in the body over time.[7]

19.     The Agency for Toxic Substances and Disease Registry states that there may be no threshold for lead with regards to developmental impact on children. "In other words there are no safe limits for [lead].[8]

## **FED. R. CIV. P. 9(b) ALLEGATIONS**

20.     Rule 9(b) of the Federal Rules of Civil Procedure provided that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity.

---

[6] *See* https://www.cdc.gov/nceh/lead/prevention/pregnant.htm.
[7] *See* https://www.epa.gov/ground-water-and-drinking-water/basic-information-about-lead-drinking-water.
[8] G. Schwalfenberg, I. Rodushkinb, S.J. Genuis, "Heavy metal contamination of prenatal vitamins," Toxicology Reports 5 at 392 (2018).

**CLASS ACTION COMPLAINT**

21. **WHO:** Defendant made material misrepresentations and/or omissions of fact in its labeling and marketing of the Spices by misrepresenting those Spices' composition and/or omitting the presence of heavy metals.

22. **WHAT:** Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Spices do not contain heavy metals. Defendant omitted from Plaintiff and Class Members that the Spices contain heavy metals. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and continues to represent that the Spices are of a composition not containing heavy metals when they do contain heavy metals and has omitted from the Spices' labeling the fact that they contain heavy metals.

23. **WHEN:** Defendant made material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, continuously throughout the applicable Class period(s).

24. **WHERE:** Defendant's material misrepresentations and omissions, that the Spices do not contain heavy metals, were made on the front labeling and packaging of the Spices and throughout Defendant's advertising. Defendant's representations and omissions were viewed by every purchaser, including Plaintiff,

**CLASS ACTION COMPLAINT**

at the point of sale in every transaction. The Spices are sold worldwide in brick-and-mortar stores and online store nationwide.

25.    **HOW:** Defendant omitted from the Spices' labeling the fact that they contain heavy metals. And as discussed in detail throughout this Complaint, Plaintiff and Class Members read and relied on Defendant's front-label representations and omissions before purchasing the Spices.

26.    **WHY:** Defendant misrepresented its Spices are not containing heavy metals and omitted from the Spices' labeling the fact that they do contain heavy metals for the express purpose of inducing Plaintiff and Class Members to purchase the Spices at a substantial price premium. As such, Defendant profited by selling the misrepresented Spices to at least thousands of consumers throughout the nation.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action individually and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23. The class definition(s) may depend on the information obtained throughout discovery. Notwithstanding, at this time, Plaintiff brings this action and seeks certification of the following proposed Classes:

> **National Class**: All persons within the United States who purchased and consumed the Spices from the beginning of any applicable limitations period through the date of class certification.

**CLASS ACTION COMPLAINT**

Plaintiff also brings this action on behalf of the following State Sub-Class:

> **California Sub-Class**: All persons in the State of California who purchased and consumed the Spices from the beginning of any applicable limitations period through the date of class certification.

28.     Excluded from the proposed Classes are the Defendant, and any entities in which the Defendant has controlling interest, the Defendant's agents, employees and its legal representatives, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and Plaintiff's counsel, their staff members, and their immediate family.

29.     Plaintiff reserves the right to amend the definition of the Classes if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

30.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

31.     **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** Class Members are so numerous and geographically dispersed that joinder of all Class Members is impracticable. While the exact number of Class Members remains unknown at this time, upon information and belief, there are thousands, if not

CLASS ACTION COMPLAINT

hundreds of thousands, of putative Class Members. Moreover, the number of members of the Classes may be ascertained from Defendant's books and records. Class Members may be notified of the pendency of this action by mail and/or electronic mail, which can be supplemented if deemed necessary or appropriate by the Court with published notice.

32.     **Predominance of Common Questions of Law and Fact – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual Class Members. These common legal and factual questions include, but are limited to, the following:

a.   Whether the Spices contain dangerous levels of heavy metals;

b.   Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Spices are deceptive;

c.   Whether Defendant's actions violate the state consumer fraud statutes invoked below;

d.   Whether Defendant's actions constitute common law fraud;

e.   Whether Plaintiff and Members of the Classes were damaged by Defendant's conduct;

f.   Whether Defendant was unjustly enriched at the expense of Plaintiff and Class Members; and

**CLASS ACTION COMPLAINT**

g.   Whether Plaintiff and Class Members are entitled to injunctive relief.

33.   **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The claims of the named Plaintiff are typical of the claims of other Members of the Classes. All Members of the Classes were comparably injured by Defendant's conduct described above, and there are no defenses available to Defendant that are unique to Plaintiff or any particular members of the Classes.

34.   **Adequacy – Federal Rule of Civil Procedure 23(a)(4).** Plaintiff will fairly and adequately represent and protect the interests of the members of the putative Classes. Plaintiff has retained counsel with substantial experience in handling complex class action litigation, including complex questions that arise in this type of consumer protection litigation. Further, Plaintiff and her counsel are committed to the vigorous prosecution of this action. Plaintiff does not have any conflicts of interest or interests adverse to those of putative Classes.

35.   **Insufficiency of Separate Actions – Federal Rule of Civil Procedure 23(b)(1).** Absent a class action, Plaintiff and members of the Classes will continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated consumers, substantially

CLASS ACTION COMPLAINT

impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. Accordingly, the proposed Classes satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

36. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Members of the Classes as a whole. In particular, Plaintiff seeks to certify the Classes to enjoin Defendant from selling or otherwise distributing spices until such time that Defendant can demonstrate to the Court's satisfaction that their spices are accurately labeled.

37. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available methods for the fair and efficient adjudication of the present controversy for at least the following reasons:

      **a.** The damages suffered by each individual members of the putative Classes do not justify the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct;

13

CLASS ACTION COMPLAINT

**b.** Even if individual members of the Classes had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed;

**c.** The claims presented in this case predominate over any questions of law or fact affecting individual members of the Classes;

**d.** Individual joinder of all members of the Classes is impracticable;

**e.** Absent a Class, Plaintiff and members of the putative Classes will continue to suffer harm as a result of Defendant's unlawful conduct; and

**f.** This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and members of the putative Classes can seek redress for the harm caused by Defendant.

**g.** In the alternative, the Classes may be certified for the following reasons:

    **i.** The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes, which would establish incompatible standards of conduct for Defendant;

**CLASS ACTION COMPLAINT**

ii.  Adjudications of claims of the individual members of the Classes against Defendant would, as a practical matter, be dispositive of the interests of other members of the putative Classes who are not parties to the adjudication and may substantially impair or impede the ability of other putative Class Members to protect their interests; and

iii.  Defendant has acted or refused to act on grounds generally applicable to the members of the putative Classes, thereby making appropriate final and injunctive relief with respect to the putative Classes as a whole.

## CAUSES OF ACTION

### COUNT I
**California's Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200 et seq. ("UCL")**
**(On Behalf of the California Sub-Class)**

38.  Plaintiff, individually and on behalf of the California Sub-Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

39.  The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

40.  The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

**CLASS ACTION COMPLAINT**

41.   Unlawful: The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

    a.   The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.;

    b.   The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.;

    c.   The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq.; and

    d.   The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 et seq.

42.   Unfair: Defendant's conduct with respect to the labeling, advertising, and sale of the Spices was "unfair" because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

43.   Defendant's conduct with respect to the labeling, advertising, and sale of the Spices was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of: the Consumers Legal Remedies Act, the False Advertising Law, the Federal Food, Drug, and Cosmetic Act, and the California Sherman Food, Drug, and Cosmetic Law.

44.   Defendant's conduct with respect to the labeling, advertising, and sale of the Spices was and is unfair because the consumer injury was substantial, not

outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

45.     Fraudulent: A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

46.     As set forth herein, Defendant's material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, are likely to mislead reasonable consumers to believe the Spice do not contain heavy metals.

47.     Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised Spices to unwary consumers.

48.     Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information, in particular the material representations and/or omissions that the Spices do not contain heavy metals on the Spice's packaging. Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

49.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members. Plaintiff has suffered injury in fact as a result of Defendant's unlawful conduct.

50.     In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

51.     Plaintiff and the Class also seek an order for and restitution of all monies from the sale of the Spices, which were unjustly acquired through acts of unlawful competition.

## COUNT II
### California's False Advertising Law
### Cal. Bus. & Prof. Code § 17500 ("FAL")
### (On Behalf of the California Sub-Class)

52.     Plaintiff repeats and realleges the allegations in the previous paragraphs as if fully set forth herein.

53.     The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

**CLASS ACTION COMPLAINT**

54.     It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

55.     As alleged herein, Defendant committed acts of false and misleading advertising, as defined by the FAL, by using statements to promote the sale of it's the Spices and making material representations and/or omissions that the Spices do not contain heavy metals. Defendant knew or should have known that its advertising claims have not been substantiated and are misleading and/or false.

56.     Defendant knew or should have known, through the exercise of reasonable care, that its material representations and/or omissions that the Spices do not contain heavy metals Representations were false and misleading and likely to deceive consumers and cause them to purchase the Spices.

57.     Defendant's wrongful conduct is ongoing and part of a general practice that is still being perpetuated and repeated throughout the State of California and nationwide.

58.     Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein because he purchased the Spices in reliance on Defendant's false and misleading the material representations and/or omissions that the Spices do not contain heavy metals.

19

**CLASS ACTION COMPLAINT**

59.     Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Spices in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

60.     Defendant profited from its sale of the falsely and deceptively advertised Spices to unwary consumers.

61.     As a result, Plaintiff, the California Sub-Class members, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

62.     Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of himself and the California Sub-Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

## COUNT III
### California's Consumer Legal Remedies Act
### Cal. Civ. Code § 1750 et seq. ("CLRA")
### (On Behalf of the California Sub-Class)

63.     Plaintiff repeats and realleges the allegations in the previous paragraphs as if fully set forth herein

CLASS ACTION COMPLAINT

64.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

65.     Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Spices for personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

a.  § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

b.  § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

c.  § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

d.  § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

66.     Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Spices to unwary consumers.

67.     Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

CLASS ACTION COMPLAINT

68.     Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff will provide a letter to Defendant concurrently with the filing of this Class Action Complaint or shortly thereafter with notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing it with the opportunity to correct its business practices. If Defendant does not thereafter correct its business practices, Plaintiff will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

69.     Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, his reasonable attorney fees and costs, and any other relief that the Court deems proper.

## COUNT IV
### Fraud
### (On Behalf of the Nationwide and/or California Sub-Class)

70.     Plaintiff, individually and on behalf of the National Class, repeats and re-alleges all previously alleged paragraphs, as if fully alleged herein.

71.     Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs

CLASS ACTION COMPLAINT

above and below, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

a. **WHO**: Defendant made material misrepresentations and/or omissions of fact in its labeling and marketing of the Spices by misrepresenting those Spices' composition and/or omitting the presence of heavy metals.

b. **WHAT**: Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Spices do not contain heavy metals. Defendant omitted from Plaintiff and Class Members that the Spices contain heavy metals. Defendant knew or should have known this information is material to all reasonable consumers and impacts consumers' purchasing decisions. Yet, Defendant has and continues to represent that the Spices are of a composition not containing heavy metals when they do contain heavy metals and has omitted from the Spices' labeling the fact that they contain heavy metals.

c. **WHEN**: Defendant made material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, continuously throughout the applicable Class period(s).

**CLASS ACTION COMPLAINT**

d. **WHERE**: Defendant's material misrepresentations and omissions, that the Spices do not contain heavy metals, were made on the front labeling and packaging of the Spices and throughout Defendant's advertising. Defendant's representations and omissions were viewed by every purchaser, including Plaintiff, at the point of sale in every transaction. The Spices are sold worldwide in brick-and-mortar stores and online store nationwide.

e. **HOW**: Defendant omitted from the Spices' labeling the fact that they contain heavy metals. And as discussed in detail throughout this Complaint, Plaintiff and Class Members read and relied on Defendant's front-label representations and omissions before purchasing the Spices.

f. **WHY**: Defendant misrepresented its Spices are not containing heavy metals and omitted from the Spices' labeling the fact that they do contain heavy metals for the express purpose of inducing Plaintiff and Class Members to purchase the Spices at a substantial price premium. As such, Defendant profited by selling the misrepresented Spices to at least thousands of consumers throughout the nation.

72. As alleged herein, Defendant made these material representations and omissions in order to induce Plaintiff and Class Members to purchase the Spices.

**CLASS ACTION COMPLAINT**

73.     As alleged in detail herein, Defendant knew the misrepresentations and omissions regarding the Spices were false and misleading but nevertheless made such representations and omissions through the marketing, advertising and on the Spices' labeling. In reliance on these representations and omissions, Plaintiff and Class Members were induced to, and did, pay monies to purchase the Spices.

74.     Had Plaintiff and the Class known the truth about the Spices, they would not have purchased the Spices.

75.     As a proximate result of the fraudulent conduct of Defendant, Plaintiff and Class Members paid monies to Defendant, through its regular retail sales channels, to which Defendant is not entitled, and have been damaged in an amount to be proven at trial.

## COUNT V
### Unjust Enrichment
### (On Behalf of the Nationwide and/or
### California Sub-Class)

76.     Plaintiff, individually and on behalf of the National Class, repeats and realleges all previously alleged paragraphs, as if fully alleged herein.

77.     Plaintiff and the putative Class Members conferred a benefit on Defendant when they purchased the Spices, of which Defendant had knowledge. By its wrongful acts and omissions described herein, including selling the Spices, which contain heavy metals, including arsenic, cadmium, and lead at levels above what is

CLASS ACTION COMPLAINT

considered safe for children and adults, Defendant was unjustly enriched at the expense of Plaintiff and the putative Class Members. Plaintiff's detriment and Defendant's enrichment were related to and flowed from the wrongful conduct challenged in this Complaint.

78.     Defendant has profited from its unlawful, unfair, misleading, and deceptive practices at the expense of Plaintiff and the putative Class Members under circumstances in which it would be unjust for Defendant to be permitted to retain the benefit. It would be inequitable for Defendant to retain the profits, benefits, and other compensation obtained from their wrongful conduct as described herein in connection with selling the Spices.

79.     Defendant has been unjustly enriched in retaining the revenues derived from the proposed Class Members' purchases of the Spices, which retention of such revenues under these circumstances is unjust and inequitable because Defendant manufactured defective Spices, and misrepresented the nature of the Spices, misrepresented their composition, and knowingly marketed and promoted dangerous and defective Spices, which caused injuries to Plaintiff and Members of the proposed Class because they would not have purchased the Spices based on the same representations if the true facts concerning the Spices had been known.

80.     Plaintiff and the putative Class Members have been damaged as a direct and proximate result of Defendant's unjust enrichment because they would not have

CLASS ACTION COMPLAINT

purchased the Spices on the same terms or for the same price had they known the true nature of the Spices and the misstatements regarding what the Spices were and what they contained.

81.     Plaintiff and the putative Class Members are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant.

82.     When required, Plaintiff and the putative Class Members are in privity with Defendant because Defendant's sale of the Spices was either direct or through authorized sellers. Purchasing through authorized sellers is sufficient to create such privity because such authorized sellers are Defendant's agents for the purpose of the sale of the Spices.

83.     As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiff and the putative Class Members are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant for its inequitable and unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated members of the Classes, pray for relief and judgment, including entry of an order:

CLASS ACTION COMPLAINT

A. Declaring that this action is properly maintained as a class action, certifying the proposed Class(es), appointing Plaintiff as Class Representative and appointing Plaintiff's counsel as Class Counsel;

B. Directing that Defendant bear the costs of any notice sent to the Class(es);

C. Declaring that Defendant must disgorge, for the benefit of the Class(es), all or part of the ill-gotten profits they received from the sale of the Spices, or order Defendant to make full restitution to Plaintiff and the members of the Class(es) except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

D. Awarding restitution and other appropriate equitable relief;

E. Granting an injunction against Defendant to enjoin it from conducting its business through the unlawful, unfair and fraudulent acts or practices set forth herein;

F. Granting an Order requiring Defendant to fully and appropriately recall the Spices, to remove the claims on its website and elsewhere, including the material representations and/or omissions that the Spices do not contain heavy metals;

G. Ordering a jury trial and damages according to proof;

**CLASS ACTION COMPLAINT**

H. Awarding Plaintiff and members of the Class(es) statutory damages, as provided by the applicable state consumer protection statutes invoked above, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

I. Enjoining Defendant from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

J. Awarding attorneys' fees and litigation costs to Plaintiff and members of the Class(es);

K. Awarding civil penalties, prejudgment interest and punitive damages as permitted by law; and

L. Ordering such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

Dated: February 1, 2022          Respectfully submitted,

*/s/ Jonathan Shub*
Jonathan Shub (SBN 237708)
Kevin Laukaitis*
**SHUB LAW FIRM LLC**
134 Kings Highway E, 2nd Floor
Haddonfield, NJ 08033
T: 856-772-7200

29

**CLASS ACTION COMPLAINT**

F: 856-210-9088
jshub@shublawyers.com
klaukaitis@shublawyers.com

Gary E. Mason*
**MASON LIETZ & KLINGER, LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Tel: 202-640-1168
Fax: 202-429-2294
gmason@masonllp.com

Gary M. Klinger*
**MASON LIETZ & KLINGER, LLP**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel: 202-640-1168
Fax: 202-429-2294
gklinger@masonllp.com

*Pro Hac Vice* Application Forthcoming

*Attorneys for Plaintiff and Putative Class Members*

CLASS ACTION COMPLAINT

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Jonathan Shub, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am an attorney at Shub Law Firm LLC, counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if call as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Northern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Haddonfield, New Jersey this 1st day of February, 2022.

*/s/ Jonathan Shub*
Jonathan Shub

31

CLASS ACTION COMPLAINT